UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KHRYSTA M. HENDRICKS, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:19-cv-03621 |
| HARRIS & HARRIS, LTD., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES Khrysta M. Hendricks ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Harris & Harris, Ltd.. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois, and Plaintiff resides in the Northern District of Illinois.

1

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3) and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a collection agency focused on healthcare, government, and utility debts with its headquarters located at 111 West Jackson Boulevard, Suite 400, Chicago, Illinois 60604. Defendant makes collection calls in all states. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 1973.[1]

## FACTS SUPPORTING CAUSES OF ACTION

6. Prior to the conduct giving rise to these claims, Plaintiff received medical treatment and incurred an outstanding balance ("subject debt") as a result.

7. Plaintiff was making timely payments on the subject debt but due to unforeseeable financial hardships, Plaintiff was unable to continue making payments on the subject debt resulting in default.

8. Sometime thereafter, Defendant acquired the right to collect or attempt to collect on the subject debt while it was in default.

9. In or around March 2019, Plaintiff began receiving unfamiliar collection calls to her cellular telephone number (312) XXX-4059 from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 4059.

11. After the calls began, Plaintiff answered a phone call placed to her cellular telephone from a representative of Defendant. Defendant requested that Plaintiff make an immediate payment on the subject debt.

---

[1] http://www.acainternational.org/search#memberdirectory.

12. In that call, Plaintiff requested that Defendant stop contacting her on her cellular telephone and to send everything they have in the mail.

13. Failing to acquiesce to Plaintiff's demand that it stop calling, Defendant continued to call Plaintiff on her cellular phone.

14. Notwithstanding Plaintiff's request that Defendant cease contacting her, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone between March 2019 through the present day, in an attempt to collect on the subject debt.

15. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

16. In the calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

17. Specifically, there would be an approximate three second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

18. Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

19. Plaintiff's demands that Defendant's phone calls cease went unheeded and Defendant continued its phone harassment campaign.

20. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling with such frequency as can be reasonably expected to harass.

21. The phone number that Defendant most often used to contact Plaintiff is (312) 380-4059, but upon information and belief, Defendant used other phone numbers to contact Plaintiff.

**DAMAGES**

22. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

23. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

24. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

25. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

28. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

29. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

30. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

31. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between March 2019 and the present day, using an ATDS without her consent.

32. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

33. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

34. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

35. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

36. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

37. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and

knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff KHRYSTA M. HENDRICKS respectfully prays this Honorable Court for the following relief:

   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
   c. Awarding Plaintiff costs and reasonable attorney fees;
   d. Enjoining Defendant from further contacting Plaintiff; and
   e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

40. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

41. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

42. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

43. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

44. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

45. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), and f through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692c**

46. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop calling her. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over was harassing and abusive. Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt even after Plaintiff demanded that Defendant cease contacting her.

47. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions in a short session of time. This volume of calls shows that Defendant willfully harassed Plaintiff with the goal of annoying Plaintiff into paying the subject debt.

48. Plaintiff notified Defendant that its calls were not welcomed when she demanded that Defendant cease contacting her. As such, Defendant knew that its conduct was inconvenient and Plaintiff no longer wanted calls to be placed to her cellular phone.

    b. **Violations of FDCPA § 1692d**

49. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff demanded that Defendant's phone calls cease.

50. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or

7

caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from March 2019 through the present day, using an automated telephone dialing system.

### c. Violations of FDCPA § 1692f

51. Defendant violated §1692f by using unfair and unconscionable means to attempt to collect on the subject debt.

52. Defendant unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

53. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the cellular phones of consumers.

54. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Illinois in order to aggressively collect debts allegedly in default to increase its profitability at the consumers' expense.

55. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff KHRYSTA M. HENDRICKS respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: May 30, 2019                          Respectfully Submitted,

/s/ Marwan R. Daher                       /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                     Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                        *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                 Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200     2500 South Highland Avenue, Suite 200
Lombard, IL 60148                          Lombard, IL 60148
Telephone: (630) 537-1770                Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                  osulaiman@sulaimanlaw.com